**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SHEWU AHMED, | Civil Action No. 26-7074 (JXN) |
| Petitioner, | |
| v. | |
| | **OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**NEALS**, District Judge

Before the Court is Petitioner Shewu Ahmed's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents ("Government") (ECF No. 5), and Petitioner replied (ECF No. 6). The Court considered the parties' submissions in support of and opposition to the Petition and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Petition is **DENIED**.

I.      **BACKGROUND**

Petitioner, a native of Ghana, unlawfully entered the United States on November 23, 2021. (Gov't Ex. 1 at *3, ECF No. 5-1.) On the same day, Petitioner encountered Border Patrol agents. (*Id.*) Petitioner claimed he feared returning to Ghana and was served with an expedited order of removal. (*Id.*) On December 10, 2021, the Government released Petitioner on interim parole. (*Id.*)

On March 18, 2026, an asylum officer interviewed Petitioner and found a negative claim of fear. (Gov't Opp'n at 2; *see* Gov't Ex. 4, ECF No. 5-4.) Three days later, Petitioner's wife filed

an I-130 application on his behalf. (Gov't Ex. 1 at 4.) On April 24, 2026, immigration officials arrested Petitioner pursuant to an administrative warrant at the Newark Office of Enforcement and Removal Operations ("ERO") in Newark, New Jersey. (Gov't Opp'n at 2; Gov't Ex. 6, ECF No. 5-6.) Petitioner requested an Immigration Judge ("IJ") review his negative fear finding and was referred to the Immigration Court. (*See* Gov't Opp'n at 2.) On May 6, 2026, an IJ affirmed the asylum officer's negative fear finding. (*See* Gov't Ex. 7, ECF No. 5-7.) Petitioner is now subject to a final order of removal.

On June 13, 2026, Petitioner filed the instant Petition arguing, among other things, that the government may not detain him under 8 U.S.C. § 1225(b)(1). (*See generally* Habeas Pet., ECF No. 1.) The Government filed a letter response arguing that Petitioner is lawfully detained and subject to a final order of removal under 8 U.S.C. § 1231(a). (*See generally* Gov't Opp'n.) Petitioner replied. (Pet. Reply, ECF No. 6.)

## II.    <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." *Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

III.    **DISCUSSION**

In his Petition, Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225(b)(1). (Habeas Pet. at 9, 12–13.) Petitioner argues that his 2021 expedited order of removal was defective and his detention violates his constitutional due process rights. (*Id.* at 8–11.) In response, the Government submits that Petitioner is lawfully detained under § 1225(b)(1) based on his May 2026 final order of removal. (*See generally* Gov't Opp'n.)

The Court agrees that because the IJ affirmed the asylum officer's negative fear finding, Petitioner is now subject to a final order of removal. As of May 6, 2026, Petitioner has an administratively final order of removal. But the Court finds the Government's position that Petitioner is subject to lawful detention under 8 U.S.C. § 1225(b)(1) unsupportable. The Court finds that based on his final order of removal, the post-removal statute, 8 U.S.C. § 1231(a), governs Petitioner's detention. *See Clark v. Martinez*, 543 U.S. 371, 378-379 (2005) (applying *Zadvydas* to noncitizens deemed inadmissible.)

§ 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This ninety-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). Petitioner has been detained since his order of removal became administratively final on May 6, 2026. Accordingly, Petitioner's detention is still within the ninety-day mandatory detention period, rendering any challenge premature.

Additionally, this Court lacks jurisdiction to consider whether Petitioner's detention is impermissible because of inadequacies with his 2021 expedited removal order or his re-detention following his interim parole. This Court cannot review of the merits of a removal order. Instead,

"[j]udicial review of all questions of law and fact," including the "interpretation and application of constitutional and statutory provisions," exclusively rests with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision). "[W]hen [noncitizens] can get review later—by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a [petition for review] to a court of appeals—they must do so." *Khalil v. President, U.S.*, 164 F.4th 259, 274 (3d Cir. 2026). "A now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a [petition for review]. It is not enough to assert an injury that cannot be remedied later." *Id.* at 274–75 (emphasis in original). Petitioner's wrongful detention claims depend on whether he may be removed from the United States—a question the Third Circuit may answer.

> [O]ur legal system routinely forces petitioners—even those with meritorious claims—to wait to raise their arguments. Consider an innocent defendant who was convicted of a serious crime and imprisoned because his trial lawyer was ineffective. His detention is wrongful: He did not actually commit the crime. But that does not entitle him to seek immediate release through habeas; first, he must exhaust his direct appeal.

*Id.* at 275. On the facts before the Court, Petitioner's wrongful detention claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Id.* at 274. Therefore, the Court lack jurisdiction over these claims pursuant to § 1252(a)(5), (b)(9).

## IV.    CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED**. An appropriate Order accompanies this Opinion.


**DATED**: 7/23/2026

**JULIEN XAVIER NEALS**
**United States District Judge**